**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JERMAINE JOSEPH DUNLAP, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Civ. No. 22-1701 (UNA) |
| | ) | |
| UNITED STATES DISTRICT OF COLUMBIA *et al.*, | ) | |
| | ) | |
| *Respondents*. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on the Petition for a Writ Habeas Corpus, Dkt. 1, of Jermaine Joseph Dunlap, a California state prisoner.  The assertions set forth in the petition are incomprehensible.  That said, the Court presumes that petitioner challenges his conviction and sentence and demands his release from custody.[1]

A habeas action is subject to jurisdictional and statutory limitations.  *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973).  The proper respondent in a habeas corpus action is petitioner's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), who ordinarily is the warden of the facility where a petitioner is detained, *see Chatman-Bey v. Thornburgh*, 864 F.2d

---

[1] This is not petitioner's first unsuccessful attempt to obtain habeas relief in this Court.  *See Dunlap v. U.S. District Court in the District of Columbia*, No. 22-CV-1297 (D.D.C. May 27, 2022) (dismissing habeas petition for lack of subject matter jurisdiction); *Dunlap v. U.S. District Court of the District of Columbia*, No. 22-CV-1095 (D.D.C. May 6, 2022) (dismissing habeas petition for want of jurisdiction); *Dunlap v. Superior Ct. of City of San Bernardino*, No. 15-CV-00837, 2015 WL 3542827, at *1 (D.D.C. June 5, 2015) (noting that the "lodged petition comes nowhere near satisfying the habeas pleading standard"); *Dunlap v. Dep't Rev. Bd.*, No. 14-CV-145, 2014 WL 414156, at *1 (D.D.C. Jan. 30, 2014) (concluding that "plaintiff has no recourse in habeas in the District of Columbia").

804, 811 (D.C. Cir. 1988).  And this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).  The petition neither names petitioner's custodian as a respondent nor demonstrates that the respondent is in the District of Columbia.

Furthermore, habeas review of a state court conviction under 28 U.S.C. § 1154 is available only after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1), and only "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application," 28 U.S.C. § 2241(d).  This petitioner was convicted and sentenced in California, and he has no recourse in the District of Columbia.

The Court will grant petitioner's application to proceed *in forma pauperis* and dismiss his petition without prejudice for want of jurisdiction.  A separate Order accompanies this Memorandum Opinion.


June 21, 2022                              /s/
                                          DABNEY L. FRIEDRICH
                                          United States District Judge